The Honorable William R. Bullock Prosecuting Attorney 5th and Atlantic P.O. Box 220 Danville, AR 72833
Dear Mr. Bullock:
This is in response to Deputy Prosecuting Attorney Ben Caruth's request for an opinion regarding absentee voting in Conway County. The question posed concerns two applications for absentee ballots. One contains the name of "BEVERLY PALADINO, CONWAY COUNTY CLERK" in the bottom right-hand corner. The other form contains the following in the same location: "AOS/JULIA H. JONES/002."
The question is whether it is proper to have either of these names on the bottom of the application.
Although the form of the application, specified under A.C.A.7-5-405 (Supp. 1989), does not include these names, it is my opinion that the application is not rendered invalid as a result of their inclusion. Indeed, as to the county clerk, Section7-5-405 requires that the clerk supply the application form, and the application must be submitted to the clerk's office in accordance with Section 7-5-403(a). The inclusion of the county clerk's name on the ballot would not, as a general matter, appear to be improper in light of these factors. As to the State Auditor, the numbers following the name suggest that the Auditor's office supplied the printed forms. It may reasonably be concluded that inclusion of this information is not generally improper.
Arkansas Code of 1987 Annotated 7-5-410 must, however, be considered in addressing any issue which may involve the placement of any "notice, advertising material, or other advice" with the material provided to the absentee ballot applicant. This Code sections states:
 It shall be unlawful for any person to place any notice, advertising material, or other advice with the material delivered or mailed to the applicant, other than instructions as to the method of casting an absentee ballot including a procedure to be followed by absentee voters such as, in instances of adhesion of the balloting materials, a notation of the fact on the back of the envelope duly signed by the voter and witnessing officer; express information concerning the type or types of writing instruments which may be used to mark the absentee ballot, preferably pen or indelible pencil; and notice of the last day on which the ballot may be received and counted. The instructions and notice shall not be signed by the name of any person.
Inclusion of the name of the county clerk and auditor of state on the application form does not, in my opinion, generally constitute placement of "any notice, advertising material, or other advice with the material delivered or mailed to the applicant." While factual questions may arise in connection with this prohibition, such questions are properly addressed by the courts with reference to all of the surrounding circumstances. Questions of fact are not properly within the scope of an Attorney General Opinion.
It is also significant to note in this regard that criminal penalties are imposed for violations of 7-5-410. See A.C.A.7-1-103. This Code section must therefore be strictly construed. See, e.g., Bennett v State, 252 Ark. 128, 130, 477 S.W.2d 497
(1972).
As a final note, a review of these applications indicates that the form is deficient with respect to the persons authorized to deliver the application. Paragraph 2.C of the applications that were enclosed with Mr. Caruth's request fail to include "sister-in-law, brother-in-law, father-in-law, [and] mother-in-law" with the list outlined under A.C.A. 7-5-405 (Supp. 1989). Act 912 of 1989, Section 7, amended 7-5-405 to include in-laws under (2)C.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.